IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARL HOSKINS and JENNIFER HOSKINS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 1:25-cv-666-ECM-JTA (WO) |
| MORTGAGE RESEARCH CENTER LLC, et al., | ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Before the court is the Amended Notice of Removal filed by Defendants Carrington Mortgage Services, LLC and Goldman Sachs & Co., LLC. (Doc. No. 31.)[1] The court previously ordered Defendants Carrington and Goldman Sachs to file an amended notice of removal to properly allege the citizenship of Defendants Goldman Sachs[2] and Mortgage

---

[1] Pursuant to 28 U.S.C. § 636, this case was referred to the undersigned for all pretrial proceedings and entry of any orders or recommendations as may be appropriate. (Doc. No. 4.)

[2] In their amended notice of removal, Defendants allege Goldman Sachs "is a direct subsidiary of The Goldman Sachs Group, Inc.[,]" which is a "corporation organized under the laws of Delaware with its principal place of business in New York." (Doc. No. 31 at 2.) This is insufficient for purposes of diversity jurisdiction. *See Post v. Biomet, Inc.*, No. 3:20-cv-527-J-34JRK, 2020 WL 2766210, at *1 (M.D. Fla. May 28, 2020) (stating allegations that LLCs are "subsidiaries do not permit the court to conclude that plaintiff and defendants are diverse for the purposes of subject matter jurisdiction, because it is membership, not ownership, that is critical for determining the citizenship of an LLC" (quotation modified)). Nonetheless, Defendant Goldman Sachs filed a corporate conflict disclosure statement, which states its only member is The Goldman Sachs Group, Inc. (Doc. No. 12 at 2.) Because the corporate conflict disclosure statement indicates Defendant Goldman Sachs is citizen of Delaware and New York, Defendants will not be required to reallege Defendant Goldman Sachs's citizenship. *See* Rule 7.1 advisory committee's note to 2022 amendment ("The [Rule 7.1(a)(2)] disclosure does not relieve a party that asserts diversity

Research Center, LLC. (Doc. No. 20.) Again, Defendants failed to properly establish Mortgage Research Center, LLC's citizenship for the purposes of diversity jurisdiction. Defendants allege Defendant Mortgage Research Center's citizenship is dependent upon the citizenship of three natural persons. (Doc. No. 31 at 7.) Defendants allege each natural person is "an individual resident of the state of Missouri[,]" and "[a]ll of Mortgage Research Center, LLC's members are therefore citizens of the state of Missouri." (*Id*.)

As the court noted in its previous order, for all natural persons, **citizenship,** not mere residency, must be alleged. (*See* Doc. No. 20 at 2 n. 4) (emphasis added) (citing *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person.")). "Citizenship is equivalent to domicile for purposes of diversity jurisdiction." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (quotation modified). But domicile "is not necessarily synonymous with residence, and one can reside in one place but be domiciled in another." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (quotation modified). Because Defendants base their citizenship allegations on the residency of the three natural persons, they fail to establish diversity jurisdiction. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties.").

Accordingly, it is ORDERED as follows:

---

jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction, but is designed to facilitate an early and accurate determination of jurisdiction.").

1. **On or before May 8, 2026,** Defendants Carrington and Goldman Sachs shall file a second amended notice of removal that properly alleges the citizenship of Defendant Mortgage Research Center, LLC.

2. Defendants are ADVISED that the undersigned *sua sponte* will recommend remand of this action if diversity of jurisdiction is not properly shown.

DONE this 6th day of May, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

3