IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARL HOSKINS and JENNIFER HOSKINS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 1:25-cv-666-BL-JTA (WO) |
| MORTGAGE RESEARCH CENTER LLC, et al., | ) ) ) | |
| Defendants. | ) | |

**<u>REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Before the court are three motions to dismiss filed by Defendants Carrington Mortgage Services, LLC, Goldman Sachs & Co., LLC, U.S. Bank National Association, and Ginnie Mae REMIC Trust. (Docs. No. 10, 11, 20.)[1] For the following reasons, the undersigned recommends the motions be granted and this action be dismissed in its entirety.

## I.      JURISDICTION AND VENUE

The court has jurisdiction over this action based on diversity jurisdiction. *See* 28 U.S.C. § 1332. The parties are completely diverse, and the amount in controversy exceeds $75,000. (*See* Doc. No. 34.)[2]

---

[1] Pursuant to 28 U.S.C. § 636, this case was referred to the undersigned for all pretrial proceedings and entry of any orders or recommendations as may be appropriate. (Doc. No. 4.)

[2] Defendants Carrington and Goldman Sachs removed this case to federal court, but did not properly allege the citizenship of all Defendants. (*See* Docs. No. 29, 33.) On May 7, 2026,

## II.    PROCEDURAL HISTORY AND RELEVANT FACTS

On July 16, 2025, *pro se* Plaintiffs Carl and Jennifer Hoskins filed their complaint in the Circuit Court of Henry County, Alabama. (Doc. No. 34-1.) On July 15, 2021, Plaintiffs obtained a mortgage in the amount of $388,500. (*Id*. at 5.) Plaintiffs allege there are "defects in the chain of title and improper securitization of a mortgage loan[.]" (*Id*. at 3.) Plaintiffs further allege that a "forensic audit of the mortgage loan . . . reveals significant irregularities, including the absence of recorded assignments of the mortgage, improper transfer of the note into the Ginnie Mae REMIC Trust 2021-136, and lack of compliance with Alabama's Uniform Commercial Code (UCC) and real property recording statutes." (*Id*.) From these allegations, Plaintiffs bring three claims: (1) declaratory judgment determining the rights and obligations of the parties and declaring any attempted foreclosure invalid; (2) quiet title of the property against any adverse claims by Defendants; and (3) imposition of a constructive trust on any interests in the note, mortgage, or property held by Defendants.

On August 21, 2025, Defendants Carrington Mortgage Services, LLC and Goldman Sachs & Co., LLC removed the case to federal court based on diversity jurisdiction. (Doc. No. 1.) On September 2, 2025, Defendants Carrington and Goldman Sachs filed their

---

Defendants Carrington and Goldman Sachs filed a second amended notice of removal. (Doc. No. 34.) Although not all Defendants have appeared, Defendants Carrington and Goldman Sachs have properly alleged that all Defendants are completely diverse from Plaintiffs. (*See* Doc. No. 34.) Accordingly, the undersigned is satisfied that Defendants Carrington and Goldman Sachs have met their burden of establishing the existence of diversity jurisdiction. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties.").

motions to dismiss. (Docs. No. 10, 11.)[3] On September 11, 2025, Defendants U.S. Bank National Association and Ginnie Mae REMIC Trust filed their motion to dismiss. (Doc. No. 20.) Plaintiffs filed a response on September 24, 2025. (Doc. No. 22.)[4] Defendant U.S. Bank and Ginnie Mae filed a reply. (Doc. No. 26.)

The motions are ripe for review.

## III.    STANDARD OF REVIEW

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires a short and plain statement of the claim showing that the pleader is entitled to relief." *Sanders v. Zalesky,* No. 1:25-cv-71-WKW, 2026 WL 579503, at *1 (M.D. Ala. Mar. 2, 2026) (internal quotations and citation omitted). When evaluating a Rule 12(b)(6) motion, the court must take the facts alleged in the complaint as true "and construe them in the light most favorable to the plaintiff." *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012).

To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows

---

[3] Defendant Goldman Sachs joined Defendant Carrington's motion to dismiss in full, but also moved independently to dismiss Plaintiffs' complaint. (Doc. No. 11 at 1.)

[4] Plaintiffs' filing states it is in response to Defendants U.S. Bank and Ginnie Mae's motion to dismiss. (Doc. No. 22 at 1.) However, the response also addresses arguments raised by Defendant Carrington and Goldman Sachs. Accordingly, the undersigned will not require Plaintiffs to file a response to the other motions to dismiss.

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (citation modified).

The allegations in the complaint should present a "plain statement possessing enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (cleaned up). "Mere 'labels and conclusions or a formulaic recitation of the elements of a cause of action will not do,' and a plaintiff cannot rely on 'naked assertions devoid of further factual enhancement.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." *Iqbal*, 556 U.S. at 678, 680. A plaintiff must "allege enough facts to nudge his claim . . . across the line from conceivable to plausible." *Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013) (citing *Twombly*, 550 U.S. at 570).

Federal courts must "show a leniency to *pro se* litigants not enjoyed by those with the benefits of a legal education." *GJR Invs., Inc. v. Cnty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics removed), *overruled on other grounds by Iqbal*, 556 U.S. 662. Liberal construction is afforded to *pro se* pleadings because they are not drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Hughes v.*

*Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) ("'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998))). Notwithstanding, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–1169 (11th Cir. 2014). Therefore, "[w]hile the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## IV.   DISCUSSION

At the heart of Plaintiffs' complaint is their contention that their mortgage is no longer valid, and thus, Defendants should not be able to enforce the mortgage or foreclose on the property. (*See* Doc. No. 34-1 at 3, 8, 11.) Plaintiffs rely on a variety of sovereign citizen-type theories to argue they no longer need to pay their mortgage. [5] As Defendants correctly note in their motions, Plaintiffs' claims are based on three theories: (1) their loan was not properly securitized during the transfer to the trust; (2) the absence of a recorded

---

[5] Although Plaintiffs maintain they are not involved with the sovereign citizen movement, the theories underlying Plaintiffs' claims have been linked to the sovereign citizen movement. *See Sears v. Rocket Mortg., LLC*, No. 2:25-cv-0409 TLN AC PS, 2025 WL 1001586, at *3 (E.D. Cal. Apr. 3, 2025) (describing the securitization/splitting the note and mortgage theories to invalidate a mortgage and linking it the "legal-sounding but meaningless" language employed by sovereign citizens); *Nasi El for Collins v. South Carolina,* No. 2:22-cv-00506-BHH-MHC, 2022 WL 2835752, at *7 (D.S.C. June 17, 2022) (linking claims of allodial titles and land patents with sovereign citizen-type claims to prevent the seizure of property), *report and recommendation adopted sub nom. El v. South Carolina*, No. 2:22-cv-506-BHH, 2022 WL 2835373 (D.S.C. July 20, 2022).

assignment of the mortgage renders foreclosure invalid; and (3) a "land patent" is superior to the mortgage at issue. (*See* Doc. No. 34-1 at 3; Doc. No. 10 at 3; Doc. No. 20 at 2.)[6] Defendants argue these theories are frivolous and insufficient to form the basis of Plaintiffs' complaint. (Doc. No. 10 at 7, 9; Doc. No. 20 at 2–3.)[7] The undersigned agrees with Defendants and addresses each theory in turn.

A. Securitization of Plaintiffs' Mortgage

Plaintiffs allege a "forensic audit" revealed defects in the chain of title and securitization of their mortgage. (Doc. No. 34-1 at 3.) Specifically, Plaintiffs allege there is an absence of a publicly available Pooling and Service Agreement ("PSA") and that there is no endorsement or chain of possession documented. (*Id.* at 6.) Plaintiffs' allegations

---

[6] In response to the motions to dismiss, Plaintiffs appear to allege the mortgage is invalid under what courts describe as the "vapor money" theory. (Doc. No. 22 at 5–6.) Plaintiffs cannot amend their complaint by way of their response brief. *McIntosh v. Ragland*, No. 2:23-cv-470-RAH-JTA, 2024 WL 2946092, at *4 (M.D. Ala. June 11, 2024) (noting that a plaintiff cannot amend a complaint through a response to a motion to dismiss (collecting cases)), *report and recommendation adopted*, No. 2:23-cv-470-RAH-JTA, 2024 WL 3339604 (M.D. Ala. July 9, 2024). Additionally, the "vapor money" theory has also been linked to the sovereign citizen movement and rejected as frivolous. *See Farina v. Navy Fed. Credit Union*, No. 3:24-cv-287-TKW-HTC, 2024 WL 3333270, at *2 (N.D. Fla. June 28, 2024) (explaining the vapor money theory is linked to the sovereign citizen movement and "relies upon the convoluted and nonsensical argument that a plaintiff does not owe the money advanced by the lender on his loan because the indebtedness was not funded by the lender with actual money" and rejecting the claim as frivolous) (collecting cases), *report and recommendation adopted,* No. 3:24-cv-287-TKW-HTC, 2024 WL 3330586 (N.D. Fla. July 8, 2024).

[7] Defendant Carrington argues Plaintiffs' claims are not yet ripe because a foreclosure has not occurred. (Doc. No. 10 at 6–7.) Plaintiffs respond their claims are ripe because they have been threatened with foreclosure. (Doc. No. 22 at 6.) Because Defendant Carrington does not cite any authority for its argument, the undersigned declines to address it. *See Duck v. PNC Bank*, No. 3:24-cv-222-ECM-KFP, 2024 WL 5324432, at *2 n.6 (M.D. Ala. Dec. 13, 2024) ("It is a party's obligation to adequately support their position with legal authority, the Court will not conduct Defendant's research for it." (citation modified)) (collecting cases), *report and recommendation adopted,* No. 3:24-cv-222-ECM, 2025 WL 92927 (M.D. Ala. Jan. 14, 2025).

surrounding improper securitization of their loan are strikingly similar to sovereign citizen-type theories that other courts have found to be frivolous or without merit. *See Sears*, 2025 WL 1001586, at *3 (describing the securitization theory to invalidate a mortgage, linking it to the "legal-sounding but meaningless" language employed by sovereign citizens, and dismissing the claim as frivolous); *Bendeck v. U.S. Bank Nat'l Assoc.*, No. CV 17-00180 JMS-RLP, 2017 WL 2726692, at *5 (D. Haw. June 23, 2017) (rejecting claims based on the securitization theory as meritless and collecting cases).

Additionally, Plaintiffs lack standing[8] to challenge the securitization of their loan. "There is a judicial consensus that a borrower lacks standing to (1) challenge the validity of a mortgage securitization or (2) request a judicial determination that a loan assignment is invalid due to noncompliance with a pooling and servicing agreement, when the borrower is neither a party to nor a third[-]party beneficiary of the securitization agreement." *Dunston v. Carrington Mortgage Services LLC*, No. 3:24-cv-00185/MCR/ZCB, 2024 WL 3817191, at *3 (N.D. Fla. Aug. 14, 2024) (citation modified) (collecting cases), *report and recommendation adopted,* No. 3:24-cv-185/MCR/ZCB, 2024 WL 4452062 (N.D. Fla. Oct. 9, 2024); *see also Blake v. Bank of Am., N.A.*, 845 F. Supp. 2d 1206, 1213 (M.D. Ala. 2012) (finding the plaintiff failed to allege facts to suggest she had standing to invoke the terms of the pooling and servicing agreement); *Price v, Lakeview Loan Servicing, LLC*, No. 2:19-cv-655-FTM-29MRM, 2021 WL 1610097, at

---

[8] For a plaintiff to have standing, there must be an actual or imminent injury that is fairly traceable to the defendant and that will be redressed by a favorable decision. *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560–61 (1992).

*11 (M.D. Fla. Apr. 26, 2021) ("the borrower does not even have standing to challenge the validity of an assignment, transfer, or securitization of a mortgage/note" (citation modified)), *aff'd,* No. 21-11806, 2022 WL 896816 (11th Cir. Mar. 28, 2022).

Thus, Plaintiffs' claims based on improper securitization are due to be dismissed.

B. Assignment of Mortgage

Plaintiffs allege there is no recorded assignment of their mortgage, which created "a split between the Note and Mortgage." (Doc. No. 34-1 at 6.) Again, this is a sovereign citizen-type theory that courts across the country have found to be frivolous. *See Watkins v. Regions Mortg. Inc*, 555 F. App'x 922, 926 (11th Cir. 2014) ("To the extent [the plaintiff] intended to argue the Note and Mortgage were separated, that argument has been rejected by Alabama courts.") (citing *Coleman v. BAC Servicing*, 104 So. 3d 195, 205 (Ala. Civ. App. 2012)); *Sears*, 2025 WL 1001586, at *3 (noting numerous courts have rejected claims founded on the theory that the separation of the note and mortgage renders the note unenforceable) (citing *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011)); *Bendeck*, 2017 WL 2726692, at *5 (rejecting claims based on the separation of the note and mortgage as meritless and collecting cases); *Price*, 2021 WL 1610097, at *11 ("Neither transfer/assignment nor securitization voids the borrower's note/mortgage obligations." (citation modified)).

Additionally, Alabama courts have held that an assignment is not necessary to foreclose on the property. *See Summerlin v. Shellpoint Mortg. Servs.*, 165 F. Supp. 3d 1099, 1111 (N.D. Ala. 2016) ("Alabama's Supreme Court held that it is not all necessary that a mortgage deed be assigned in order to enable the owner of the debt to foreclose under a

power of sale." (citation modified) (citing *Perry v. Fed. Nat'l Mortg. Ass'n*, 100 So. 3d 1090, 1095 (Ala. Civ. App. 2012))).

Thus, Plaintiffs' claims based on a lack of assignment or a split between the mortgage and note are due to be dismissed.

### C. Land Patent

Plaintiffs allege they "discovered and claimed an abandoned land patent as legal title to the Property . . . superseding all other encumbrances." (Doc. No. 34-1 at 3.) This theory has also been linked to the sovereign citizen movement and dismissed as frivolous. *See Nasi El for Collins*, 2022 WL 2835752, at *7 (linking claims of allodial titles and land patents with sovereign citizen-type claims to prevent the seizure of property and rejecting such claims as frivolous). Thus, Plaintiffs' claims based on the "land patent" are due to be dismissed.

Because all three of Plaintiffs' claims are based on frivolous, sovereign citizen-type theories, Plaintiffs have failed to state claims to relief that are plausible on their face and dismissal is warranted. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

### D. Opportunity to Amend

Generally, *pro se* litigants must be given one opportunity to amend their complaint before dismissal with prejudice. *See Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) (noting that "a *pro se* litigant generally must be given at least one opportunity to amend his complaint" unless amendment would be futile). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Id.* (citing *Cockrell v.*

*Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)). Here, amendment would be futile because Plaintiffs assert sovereign citizen-type theories to extinguish their underlying mortgage. *See Simmons as Tr. for Robert Kyle Simmons Tr. v. Shellpoint Mortg. Servicing*, No. 2:24-cv-647-RAH-SMD, 2025 WL 1913373, at *4 (M.D. Ala. Apr. 28, 2025) (finding no amendment could cure deficiencies in a complaint that was attempting to prevent foreclosure and/or extinguish an underlying mortgage based on sovereign citizen style claims), *report and recommendation adopted sub nom. Simmons as Tr. for Robert Kyle Simmons Living Tr. v. ShellPoint Mortg. Servicing*, No. 2:24-cv-647-RAH, 2025 WL 1604343 (M.D. Ala. June 6, 2025); *Bey v. Re/max*, No. 8:23-CV-2768-TPB-TGW, 2023 WL 8778617, at *1 (M.D. Fla. Dec. 19, 2023) (*sua sponte* dismissing a sovereign citizen complaint with prejudice and without an opportunity to amend).

Although not all Defendants have appeared in this action, Plaintiffs' complaint is due to be dismissed in its entirety because of the frivolous, sovereign citizen-type theories underlying their claims. *See Bey*, 2023 WL 8778617, at *1 (*sua sponte* dismissing a sovereign citizen complaint with prejudice and without an opportunity to amend); *Watkins v. Conn's Appliances, Inc.*, No. 8:24-cv-2380-TPB-LSG, 2025 WL 449736, at *3 (M.D. Fla. Jan. 28, 2025) ("'district courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties'" (quoting *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008)), *report and recommendation adopted,* No. 8:24-cv-2380-TPB-LSG, 2025 WL 448709 (M.D. Fla. Feb. 10, 2025).

Because the theories underlying Plaintiffs' three claims are frivolous, sovereign citizen-type theories, Plaintiffs' complaint is due to be dismissed in its entirety without an opportunity to amend.[9]

## V.    CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS as follows:

1.  Defendants' motions to dismiss (Docs. No. 10, 11, 20) be GRANTED.

2.  Plaintiffs' complaint be DISMISSED in its entirety without prejudice.

It is further ORDERED that, on or before **June 3, 2026,** the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District

---

[9] Defendant U.S. Bank argues the case should be dismissed with prejudice because Plaintiffs appeared to have used generative A.I. in their response to the motions to dismiss. (Doc. No. 26 at 4–5.) As Defendant U.S. Bank correctly notes, it does appear Plaintiffs utilized generative A.I., which hallucinated or misrepresented the cases cited by Plaintiffs in their response. But, dismissal with prejudice is a severe sanction. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1338 (11th Cir. 2005). Accordingly, the undersigned ADMONISHES Plaintiffs for submitting documents to the court containing A.I. hallucinations and/or misrepresentations. Such conduct is sanctionable under Rule 11 of the Federal Rules of Civil Procedure. *See Foster v. Author Success Publ'g*, No. 2:25-CV-545-RAH-JTA, 2025 WL 3500677, at *1 n.3 (M.D. Ala. Sept. 23, 2025) (warning the plaintiff that use of generative A.I. is no defense to sanctions and reminding the plaintiff he has an obligation to verify all citations he uses in court filings).

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 19th day of May, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE