IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARL HOSKINS and JENNIFER HOSKINS, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CASE NO. 1:25-CV-00666-BL-JTA |
| MORTGAGE RESEARCH CENTER, LLC, et al., | ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Pending before the court are three motions to dismiss filed by Defendants Carrington Mortgage Services, LLC, Goldman Sachs & Co., LLC, U.S. Bank National Association, and Ginnie Mae REMIC Trust (collectively "Defendants"). (Docs. 10, 11, 20). On May 19, 2026, the Magistrate Judge recommended that the Defendants' motions to dismiss be granted and this action be dismissed in its entirety. (Doc. 35). The Plaintiffs filed objections to the recommendation. (Doc. 38).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). A district court's obligation to "make a de novo *determination* of those portions of the

report or specified proposed findings or recommendations to which objection is made" requires a district judge to "give *fresh consideration* to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 673, 675 (1980) (internal quotations and citations omitted) (emphasis in *Raddatz*).

In their objections, the Plaintiffs assert that (1) "the complaint alleges concrete injury sufficient for Article III standing"; (2) "the Supreme Court's decision in *Kousisis* [*v. United States*, 605 U.S. 114 (2025)] supports recognition of present property-based injury"; (3) "Plaintiffs are not asserting third-party contract rights"; (4) "the complaint states plausible claims for declaratory relief, quiet title, and constructive trust"; and (5) "leave to amend should be freely granted." (Doc. 38 at 2-4).

Regarding Plaintiffs' objections 1, 3, and 4, the court finds that the Plaintiffs merely restate facts that the Magistrate Judge considered in her recommendation and fail to challenge a specific factual finding or legal conclusion of the Magistrate Judge. Instead, Plaintiffs' objections 1, 3, and 4 consist of conclusory statements with no analysis or citations to any legal authority. Because the Plaintiffs failed to identify an error in the Magistrate Judge's factual findings or legal conclusions, and because Plaintiffs' objections are conclusory and undeveloped, the court **OVERRULES** Plaintiffs' objections 1, 3, and 4. *See Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (stating that "frivolous, conclusive, or general objections need not be considered by the district court"); *see also Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (explaining that objections must identify with particularity the findings challenged and the basis for objection).

Regarding Plaintiffs' objection 2, relying on *Kousisis v. United States*, 605 U.S. 114 (2025), the Plaintiffs "object to any conclusion that they lack standing because no foreclosure sale has yet occurred." (Doc. 38 at 3). However, the court notes that the Magistrate Judge indicated that she declined to consider Defendant Carrington's argument that the "Plaintiffs' claims are not yet ripe because a foreclosure has not occurred" due to Defendant Carrington's failure to cite any authority for its argument. (*See* Doc. 35 at 6). Thus, because the Magistrate Judge declined to address Defendant Carrington's argument that the Plaintiffs' claims are not ripe, the court finds that Plaintiffs' objection 2 is without merit and is due to be **OVERRULED**.

Finally, regarding Plaintiffs' objection 5, the Plaintiffs assert that "dismissal with prejudice would be inappropriate" and that "amendment would not be futile." (Doc. 38 at 4). However, the undersigned agrees with the Magistrate Judge's conclusion that "amendment would be futile because Plaintiffs' assert sovereign citizen-type theories to extinguish their underlying mortgage" and that the "Plaintiffs' complaint is due to be dismissed in its entirety because of the frivolous, sovereign citizen-type theories underlying their claims." (Doc. 35 at 10). As such, the court **OVERRULES** Plaintiffs' objection 5.

After careful review of the file and upon consideration of the recommendation of the Magistrate Judge, the court **ADOPTS** the recommendation of the Magistrate Judge (doc. 35). Accordingly, it is hereby **ORDERED** as follows:

1. The Defendants' motions to dismiss (docs. 10, 11, 20) are **GRANTED**; and

3

2.    This action is **DISMISSED with prejudice**.[1]

The Court will enter a separate final judgment.

**DONE** and **ORDERED** on this the 17th day of June, 2026.

 

**BILL LEWIS**
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that the Magistrate Judge recommends dismissing the Plaintiffs' complaint without prejudice.  (Doc. 35 at 11).  However, because the undersigned agrees that any further amendment would be futile, the court dismisses the action with prejudice.  *See Daker v. Bryson*, 841 F. App'x 115, 123 (11th Cir. 2020) (stating that the "general rule against dismissal with prejudice without notice does not apply if the claim is patently frivolous or if amendment would be futile").